Joseph A. Suozzi, J.
.This application seeks to compel respondent, an attorney, to disclose the names and addresses of his clients. It is brought in connection with a habeas corpus *150 proceeding to obtain custody of the natural child of the petitioner.
The petitioner herself is an infant, who at the time of the birth of her child on October 26, 1967, was 19 years old. The child was born out of wedlock, and arrangements were made prior to its birth to turn it over to the anonymous couple who are respondents herein, with a view to their adopting it. Petitioner signed an acknowledged consent to the adoption. However, the status of the adoption proceeding is not known since the respondent attorney has refused to disclose this information. Petitioner voluntarily surrendered her son to the intended adoptive parents on the day she left the hospital. They paid the confinement expenses, but their identity was not revealed to petitioner.
Respondent attorney has refused to identify his clients on the ground that the information is confidential and that its inviolability is protected by CPLR 4503. This section has a long history. An earlier version of it, section 353 of the Civil Practice Act, was exhaustively reviewed by Justice Shiehtag in People ex rel. Vogelstein v. Warden of County Jail (150 Misc. 714, affd. 242 App. Div. 611). That case involved the right of an attorney to withhold the identity of the person who had hired him to defend 15 persons accused of working for a gambling ring systematically engaged in a policy operation. A Grand Jury was investigating whether the attorney had been retained in connection with a scheme for prospective wholesale violations of law. It was held that the privilege did not exist to shroud the client’s identity, since it was first necessary to establish the relationship in order to call the privilege into being.
The sweeping scope of this holding was limited by a much later case in the Court of Appeals (Matter of Kaplan [Blumenfeld], 8 N Y 2d 214). There the court held that an attorney might properly withhold the identity of his client from the Commissioner of Investigation where his motive was to protect his client from illegal reprisals. He had already disclosed to the Commissioner what his client had told him of racketeers operating on the waterfront with political protection, and for him to have identified his client would have defeated the very purpose of the confidential relationship. The court recognized that the general rule requires disclosure of the client’s name if a question of identity arises during a litigation, since ordinarily it is the client’s communications which are intended to be kept secret, not his identity. Here the opposite was true and it was so intended, since the purpose was to have the lawyer inform *151 the authorities of the facts, but to protect the client who was in a vulnerable position if his identity became known. Since this was for a legitimate public purpose, in contrast with the motive in the Vogelstein case, it was felt that the courts should give it effect.
Applying this rule to the present case, it seems clear that there is no privilege as to the identity of the respondent’s clients such as is claimed by the respondent. There is nothing illegal involved in the conduct of either the respondent attorney or his clients.
The applicable statutes contain nothing which would preclude or prohibit the natural parent from learning the names of the adoptive parents in any adoption proceeding which the adoptive parents might initiate. ¡Section 114 of the Domestic Relations Law, which applies to agency adoptions, provides that the surname of the child must be concealed from the adoptive parents, but there is no requirement of concealment of the names of the adoptive parents from the natural parent. Section 116, which pertains to private placements and which incorporates section 114 by reference, provides nothing to the contrary. While it is true that under these sections the file is sealed after completion of the adoption proceedings, it may be opened to inspection on order of this court as well as on order of the Surrogate’s Court upon good cause shown.
No legitimate reason has been urged upon this court except the bare claim of confidentiality of the clients’ identity which Avould require this court to respect this claim of confidentiality. On the contrary, the only purpose served by respecting this claim of confidentiality Avould be to frustrate this court’s legitimate processes and concern for the welfare of the child.
Whether or not it is in the best interests of the child to be returned to the natural mother or to be kept in the custody of the undisclosed adoptive parents is not at issue in this proceeding, and we have not reached that point in this case. The sole question is whether there should be an inquiry to determine Avhether the present custody-is in the best interests of the child. There is no question that such an inquiry should be had, but such an inquiry cannot be had Avithout the identification of the persons who now have custody of the child.
Accordingly, the court directs that the respondent attorney disclose to the petitioner’s attorney in writing within five days after service of a copy of the short-form order entered herein the names of the persons known to him to have custody of the child who is the subject of this proceeding.